UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELLY PUTTERMAN,<br><br>                       Plaintiff,<br><br>       v.<br><br>WEIGHT WATCHERS INTERNATIONAL,<br>INC. and JILL MEYERHOFF,<br><br>                      Defendants. | Civil Action No. 10-1687 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Jill Meyerhoff ("Meyerhoff.")  For the reasons expressed below, the Court will grant Defendant's motion.

      In brief, the Complaint alleges that Plaintiff Shelly Putterman was employed by Defendant Weight Watchers International, Inc. ("Weight Watchers") and that Meyerhoff was her work supervisor.  Counts II and IV claim that Meyerhoff is individually liable for employment discrimination based on having aided and abetted Weight Watchers, pursuant to New Jersey's Law Against Discrimination ("NJLAD").  Meyerhoff has moved to dismiss these counts, contending that they fail to state a valid claim for relief.

      Meyerhoff principally argues that, where a supervisor herself is alleged to have committed the principal violation of the NJLAD, there cannot be a claim for aiding and abetting, as she cannot aid and abet her own actions.  This makes sense, and Plaintiff's brief in opposition fails to rebut this argument.  Rather, Plaintiff points to cases in which courts have found a supervisor liable for aiding and abetting when her unlawful acts embolden others to discriminate.

See EEOC v. Foodcrafters Distrib. Co., 2006 U.S. Dist. LEXIS 11426 (D.N.J. Feb. 24, 2006); Ivan v. County of Middlesex, 612 F. Supp. 2d 546, 554 (D.N.J. 2009).  These cases do not help Plaintiff, since Plaintiff does not allege that other employees discriminated against her and that Meyerhoff emboldened them.  Meyerhoff is correct in pointing out that, as the Complaint is written, she is cast as the principal violator, and the Complaint does not plead facts which point to any other person or entity who discriminated against Plaintiff and who Meyerhoff aided or abetted.

  Meyerhoff's position is supported by the New Jersey Supreme Court's holding in Tarr v. Ciasulli, 181 N.J. 70, 84 (2004), in which it established the standard to be applied in cases against workplace supervisors for aiding and abetting discrimination under the NJLAD.  Discussing the Third Circuit's decision in Hurley v. Atlantic City Police Dep't, 174 F.3d 95 (3d Cir. 1999), the Court held:

> Thus, in order to hold an employee liable as an aider or abettor, a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.
>
> With respect to that determination, the comments to [Restatement (Second) of Torts] section 876 provide a list of five factors, relied on by the *Hurley* court, to assess whether a defendant provides 'substantial assistance' to the principal violator.  Those factors are: (1) the nature of the act encouraged, (2) the amount of assistance given by the supervisor, (3) whether the supervisor was present at the time of the asserted harassment, (4) the supervisor's relations to the others, and (5) the state of mind of the supervisor.

181 N.J. at 84.  Tarr makes clear that central to the establishment of aiding and abetting liability in this type of case is the element of having provided substantial assistance to the principal

2

violator.  In the instant Complaint, because Meyerhoff herself is the principal violator, Plaintiff cannot show that she provided substantial assistance to herself.

Lastly, to use the words of one of our sister Courts, "[i]t is well settled, a 'principal wrongdoer, cannot aid and abet his own wrongful conduct.'"  <u>Tsakonas v. Nextel Communs., Inc</u>, 2006 U.S. Dist. LEXIS 62072 at * 18 (D.N.J. Aug. 31, 2006) (quoting <u>Newsome v. Administrative Office of the Courts</u>, 103 F. Supp. 2d 807, 823 (D.N.J. 2000)).  <u>See</u> <u>also</u> <u>Swingle v. Novo Nordisk, Inc.</u>, 2009 U.S. Dist. LEXIS 76991 (D.N.J. Aug. 27, 2009).  As to Meyerhoff, Counts II and IV fail to state a valid claim for relief, and they will be dismissed without prejudice.

For these reasons,

**IT IS** on this 19th day of August, 2010

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 6) is **GRANTED**, and Counts II and IV of the Complaint are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint within 30 days of the entry of this Order.

       s/Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge